**In re: WASHINGTON POST MOTION TO OPEN JUVENILE DETENTION HEARING, ETC.**

**No. 02–MC–355.**

United States District Court, D. Maryland.

Feb. 14, 2003.

Adam L. Perlman, Dane H. Butswinkas, Lisa M. Duggan, Williams and Connolly LLP, Washington, DC, for Movant.

### *MEMORANDUM AND ORDER UNSEALING CERTAIN MATERIALS*

BREDAR, United States Magistrate Judge.

Now pending before the Court is the MOTION TO UNSEAL RECORDS AND TRANSCRIPTS of self-styled "Intervenors" The Washington Post Company, The Baltimore Sun Company, The Associated Press, and The New York Times Company ("the media organizations"). This case is a companion matter to that styled *United States of America, Plaintiff v. Lee Boyd Malvo, previously known as John Doe, Juvenile*, Criminal No. DKC–02–0474. In general, the media organizations seek the

unsealing and public release of court documents and transcripts of proceedings related to the Malvo case. Mr. Malvo is a juvenile and, previously, this Court has entered Orders sealing virtually all court papers and transcripts relating to his case.

The Court first entertained the media organizations' requests to unseal at a hearing on November 1, 2002. The requests to unseal were denied. During subsequent weeks Mr. Malvo became the subject of court proceedings in the Commonwealth of Virginia and, pursuant to the law of Virginia, much information relating to him and to his alleged involvement in the so-called Washington area sniper incidents was released and made public. Now the media organizations urge this Court to review and vacate some or all of its prior orders sealing materials relating to Malvo on the theory that the public's interest in these materials remains great and the potential prejudice to the juvenile has been reduced, by virtue of the material being made public in Virginia.

■ Mr. Malvo remains a juvenile in the eyes of this Court. That is the only status he has ever enjoyed before this tribunal, no motion to transfer his case to adult court having ever been filed or ruled upon. The Court is also mindful that while Mr. Malvo is being treated as an adult in the Circuit Court of Fairfax County, Virginia, apparently there are other jurisdictions in which prosecutors intend to proceed against him and, in those places, to date he has not been declared an adult and so remains a juvenile. As this Court has previously noted, there is a long and well-justified tradition in most American jurisdictions of treating juveniles accused of criminal misconduct differently from similarly situated adults, i.e.: after appropriate inquiry and a balancing of relevant interests, records and transcripts of juvenile proceedings are often kept sealed. *See* 18 U.S.C. § 5038.

■ Throughout this confidentiality dispute the Court has been guided by the reasoning set out in the opinion deciding *United States v. A.D.*, 28 F.3d 1353 (3rd Cir.1994). Continuing to follow that approach, the Court once again balances the great interest of the public in knowing what is revealed in their courtrooms, in proceedings relating to a frightening and high-profile case, against the interest of a juvenile (and a related societal interest) in protecting him from stigma and preserving the potential for his rehabilitation should he later be found delinquent.

When last the Court engaged in this balance, it found that the interests protected by confidentiality outweighed the public's interest in release of the materials relating to Mr. Malvo's case. Now that balance, to some extent, tips the other way because while the public's interest in the information remains every bit as great as before, the prejudice, likelihood of stigma, and potential harm to a rehabilitation effort if this Court unseals certain of the materials has been reduced substantially by virtue of the Virginia authorities, following the laws of that state, releasing arguably stigmatizing information about Mr. Malvo. The question now to be asked is what *additional* harm would be caused Mr. Malvo or the effort to rehabilitate him if information in the federal court file is released and, even if there is some harm, does that outweigh the public's interest in obtaining the information.

Applying this analytical framework, (mindful of what has been released by authorities elsewhere, mindful that Mr. Malvo is being prosecuted as an adult in another jurisdiction, but also mindful that in other jurisdictions he remains a juvenile as he was when last here), the Court turns

to the contents of the file in Criminal Case No. DKC–02–0474 and rules as follows with respect to the materials it contains:

| Paper No. 1 | Criminal Information | Remain sealed. |
|---|---|---|
| Paper No. 2 | United States Attorney Certification | Remain sealed. |
| Paper No. 3 | Order of Temporary Detention | Unseal. Note: document contains true name of juvenile, which shall now be released. Further, the case caption shall be re-styled to reflect the juvenile's true name, Lee Boyd Malvo. |
| Paper No. 4 | Order Appointing Counsel | Unseal. |
| Paper No. 5 | Order Appointing Guardians Ad Litem | Unseal. |
| Paper No. 6 | Order | Unseal. |
| Paper No. 7 | Government Response | Unseal. |
| Paper No. 8 | Blood test results | Remain sealed. |
| Paper No. 9 | Order of Detention | Unseal, *except* Paragraphs 3, 6, and 7, which shall remain sealed. |
| Paper No. 10 | Order Appointing Counsel | Unseal. |
| Paper No. 11 | Dismissal Order | Unseal. |
| Paper No. 12 | Memorandum and Order | Unseal. |
| Paper No. 13 | Letter Order | Unseal. |
| Paper No. 14 | Letter Order | Unseal. |
| Paper No. 15 | Letter Order | Unseal. |
| Paper No. 16 | Transcript of Proceedings on November 4, 2002 | Unseal all *except:* Page 14, lines 3–4, 20–25; Page 15, lines 2–11, 17–18; Page 16, lines 12–13; Page 17, lines 9–10; Page 18, lines 14–25; Page 19, all lines; Page 20, lines 1–9; Page 23, lines 10–25; Page 24, all lines. |
| Paper No. 17 | Motion for Issuance of Material Witness Warrant and Supporting Affidavit | Remain sealed. |
| Paper No. 18 | Motion to Seal | Unseal. |
| Paper No. 19 | Order of Temporary Detention | Unseal. |
| Paper No. 20 | Order | Unseal. |

| Paper No. 21 | Order | Unseal. |
| Paper No. 22 | Motion to Dismiss Material Witness Warrant | Unseal. |
| Paper No. 23 | Order | Unseal. |
| Paper No. 24 | Transcript of Proceedings on October 31, 2002 | Unseal. |

Any Court documents or transcripts relating to Criminal Case No. DKC–02–0474 and not explicitly referred to herein shall remain sealed.

On October 24, 2002, Mr. Malvo appeared before the Court for his initial appearance in relation to the allegation that he was a material witness. On October 29, 2002, the Court conducted an initial appearance proceeding in relation to Mr. Malvo's being accused in the criminal information of certain delinquent acts. Lastly, on November 1, 2002, the Court conducted a hearing in relation to the question of whether Mr. Malvo would exercise or waive his right to be present at a hearing conducted later that day on the question of whether the media organizations would gain access to the proceedings in his case. All of these proceedings were conducted in camera and under seal. None of these proceedings have been transcribed as no request for a transcript has been made. Should the media organizations request release of the transcripts of these proceedings, they will need to request transcription with court reporters Cook, Mackaro, and Sovich, respectively. If transcripts are prepared upon request of the media organizations, then the Court will review those transcripts and determine whether they or any portion of them should be unsealed.

Execution of this Order unsealing materials, except with respect to Paper No. 3, is stayed until February 20, 2003, at noon, to allow Mr. Malvo and his representatives time to offer their specific objections to the release of specific materials by way of a Motion to Reconsider and/or to allow appeal of this Order. Should a Notice of Appeal be filed before February 20, 2003, at noon, then execution is stayed pending resolution of the appeal.